# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MEREDITH MULLINS, | Case No.: 2:11-cv-00819-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#5 |
| NEVADA CANCER INSTITUTE, a Nevada Non-profit Corporation, | Motion to Remand–#7) |
| Defendant. | |

Before the Court is Defendant Nevada Cancer Institute's (the "Cancer Institute") **Motion to Dismiss** (#5, filed May 26, 2011) based on a failure to state a claim and preemption. The Court has also considered Plaintiff Meredith Mullins' Opposition (#10, filed June 8, 2011), and the Cancer Institute's Reply (#12, filed June 20, 2011).

Also before the Court is Mullins' **Motion to Remand** (#7, filed May 27, 2011) based on a lack of federal question jurisdiction. The Court has also considered the Cancer Institute's Opposition (#11, filed June 13, 2011), and Mullins' Reply (#14, filed June 23, 2011).

/

/

# BACKGROUND

This dispute arises out of Mullins' termination from employment with the Cancer Institute. The following facts are from Mullins' allegations. The Cancer Institute hired Mullins in July 2009 as the Associate Center Director, Research Administration and Senior Vice President of Research Operations. (Dkt. #1, Pet. for Removal, Ex. 2, Compl. ¶ 3 (hereinafter "Dkt. #1, Compl.")) In February 2011, the Cancer Institute and Mullins entered into a written employment contract (the "Contract") giving Mullins a faculty appointment of "Administrative Member in Residence." (*Id.* at ¶ 4.) The Contract also provided that Mullins was to receive one year notice prior to any termination and one year severance pay. (*Id.* at ¶ 6 .) Nonetheless, Mullins was fired two months later without the notice or severance. (*Id.* at ¶ 7.) Further, Mullins was on medical leave for cancer at the time she was fired. (*Id.* at ¶ 12.) Mullins alleges that the Cancer Institute knew that she had cancer, that she needed benefits to cover her cancer treatment, and that the Cancer Institute fired her intending to cause her severe emotional distress by cutting off her needed benefits.

Mullins brought this case in the Eighth Judicial District Court for the State of Nevada on April 26, 2011, asserting claims for (1) breach of contract, and (2) intentional infliction of emotional distress ("IIED"), and (3) punitive damages. The Cancer Institute timely removed the case asserting federal question jurisdiction because of preemption under the Employee Retirement Income Security Act ("ERISA"). Now before the Court are two motions: (1) Mullins' motion to remand claiming that her claims are not preempted by ERISA, and (2) the Cancer Institute's motion to dismiss Mullins IIED and punitive damages claims. For the reasons discussed below, the Court denies Mullins' motion and grants the Cancer Institute's motion.

# DISCUSSION

The Court first addresses the motion to remand because if the Court lacks federal question jurisdiction and remands the case, there is no need (and no ability) to address the motion to dismiss.

**I.      Motion to Remand**

     **A.      Standard**

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court. 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction is placed on the party seeking removal. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984)**.** A Court has original jurisdiction over a matter if there is a federal question, meaning the cases arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Ordinarily, determining whether a particular case arises under federal law turns on the well-pleaded complaint rule" and whether the complaint asserts a federal claim. *Aetna Health, Inc. v. Davilla*, 542 U.S. 200, 207 (2004) (internal quotations and citations omitted). "In particular, the existence of a federal defense normally does not create statutory 'arising under' jurisdiction, and a defendant may not generally remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law. *Id.* (internal quotations and citations omitted). If a defendant has improperly removed a case over which the federal court lacks jurisdiction, the federal court shall remand the case to state court. 28 U.S.C. § 1447(c).

     **B.      Analysis**

The Court has jurisdiction over this case due to ERISA preemption. 29 U.S.C. §§ 1132(a)(3), (e) and 1144(a); *see also Ingersoll-Rand v. Mclendon*, 498 U.S. 133, 143, 145 (1990) ("an ERISA preemption defense provides a sufficient basis for removal of a cause of action to the federal forum notwithstanding the traditional limitation imposed by the 'well-pleaded complaint' rule.") While a federal defense, such as preemption, is not normally sufficient to convey jurisdiction on a federal court, there is an exception: "When a federal statute wholly displaces the state-law cause of action through complete preemption, the state claim can be removed." *Id.* "This is so because when the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law,

AO 72
(Rev. 8/82)

is in reality based on federal law." *Id.* This is frequently referred to as the 'artful pleading' exception to the well-pleaded complaint rule. However, "an otherwise ERISA-preempted claim may survive to the extent that it relies on a theory independent of the benefit plan." *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1131 (9th Cir. 1992)

In this case, Mullins asserts an IIED claim arguing that the Cancer Institute fired her knowing that she needed her medical benefits because she had cancer, and that the intentional deprivation of medical benefits caused her severe emotional distress. ERISA specifically forbids discharging a "participant or beneficiary ... [1] for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or [2] for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140. In her motion, Mullins does not even address preemption of the IIED claim, but only her breach of contract claim. Regardless of whether the breach of contract claim is preempted, the IIED claim is. *Tingey*, 953 F.2d at 1131 (holding that an IIED claim relating to the deprivation of employee benefits was preempted under ERISA, specifically 29 U.S.C § 1140). In *Tingey*, the plaintiff claimed that he was terminated so that the company could deny him benefits. Here, Mullins complaint does not expressly state that she was terminated so that the Cancer Institute could deny her benefits but rather that the Cancer Institute intended to cause her emotional distress by depriving her and her fiancé of benefits when it knew she needed the benefits to cover her cancer treatment and his separate treatment.[1] (Dkt. #1, Compl. ¶¶ 13, 15-16.) For purposes of ERISA preemption, this is a distinction without a difference. In both cases, the benefits play a central role and the deprivation of such is the principal harm. Thus, Mullins' IIED claim is

---

[1] The parties spend a significant amount of ink (and electrons and pixels) on the issue of whether the Court can consider an interview reported in the Las Vegas Review-Journal in which Mullins is reported to have said that she was fired because providing her benefits would have been expensive. While, the question of whether the Court could consider the article in this order is an interesting issue, the Court does not need to address it as the Court does not need to look at the article to determine that ERISA preempts the IIED claim.

preempted by ERISA and the Court has jurisdiction over the case.  Accordingly, the Court denies the motion to remand.

**II.     Motion to Dismiss**

As the Court established above, Mullins' IIED claim is preempted by ERISA.  This requires the Court to dismiss Mullins' IIED claim because ERISA preempted claims may only be brought under ERISA's enforcement provision.  *Ingersoll-Rand*, 498 U.S. at 142-44; *Tingey*, 953 F.2d at 1132.  The Court also dismisses Mullins' claim for punitive damages for two reasons: (1) punitive damages is not an independent legal cause of action but a type of relief, and (2) the Court has dismissed the underlying IIED tort claim on which the punitive damages claim is based. Although the Court dismisses Mullins' IIED claim, the Court grants Mullins two weeks to file a motion seeking leave to amend with a revised ERISA claim.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Mullins' Motion to Remand (#7) is DENIED.

IT IS FURTHER ORDERED that the Cancer Institute's Motion to Dismiss is GRANTED.  Mullins shall have until November 14, 2011 to file a motion seeking leave to amend adding an ERISA claim.

Dated: October 28, 2011.

_____
**ROGER L. HUNT
United States District Judge**